IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

R. ALEXANDER ACOSTA, SECRETARY OF  :     Civil Action No.
LABOR, UNITED STATES DEPARTMENT    :
OF LABOR,                                                       :     18-cv-01837 (SDW/SCM)

                            Plaintiff,                  :

                         v.                           :     [~~PROPOSED~~] ORDER AND
                                                          :     **JUDGMENT**
SHARON WOROSILO & the NEW JERSEY    :
PAIN MANAGEMENT INSTITUTE PROFIT    :
SHARING PLAN,                                     :
                         Defendants.              :

---

**WHEREAS,** this action was filed by the Secretary of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA" of the "Act"), 29 U.S.C. § 1001 et seq., and by the authority vested in the Secretary by ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that Sharon Worosilo and the New Jersey Pain Management Institute Profit Sharing Plan (the "Plan") were in violation of ERISA §§ 404(a)(1)(A) and 404(a)(1)(B), 29 U.S.C. § 1104; and

    I.    The Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of the plan sponsor, New Jersey Pain Management Institute, who were covered by a plan subject to Title I of ERISA; and

    II.    This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan for all purposes relevant to this matter including the entry of this Order

pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), and 29 U.S.C. § 1002(3); and

    III.    The Secretary has duly made service on the Plan and Defendant Worosilo as required by the provisions of ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and

    IV.    Defendants have not answered or otherwise appeared in this matter, and

    V.    The Secretary now applies for entry of an Order in this matter, and no answer being made in this matter, and no opposition to the application being filed;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. Sharon Worosilo is removed from her role as a Trustee of the New Jersey Pain Management Institute Profit Sharing Plan;

2. Sharon Worosilo is permanently barred from serving as a fiduciary or service provider for this Plan or any other ERISA-covered Plan in the future; and

3. Larry Lefoldt, CPA, of Lefoldt & Co., P.A., is permanently appointed to serve as the independent fiduciary to the Plan (the "Independent Fiduciary").

**IT IS FURTHER ORDERED THAT:**

1. The Independent Fiduciary shall have and shall exercise plenary power over the Plan. The Independent fiduciary shall have the exclusive authority to exercise all powers previously exercised or held by Defendant Worosilo under the terms of the documents governing the Plan, including but not limited to full authority and control with respect to the management or disposition of the assets of the Plan.

2. The Independent Fiduciary shall be subject to the orders of this Court. Within twenty (20) days after the date of this Order, the Independent Fiduciary shall submit to this Court

for approval his schedule of anticipated fees and expenses for this matter with copies of his submissions to be sent to all parties to this matter. Any party may file objections with the Court within ten (10) days after the Independent Fiduciary's submission.

3. The Plan is authorized and directed to pay the reasonable compensation, fees and expenses of the Independent Fiduciary and such persons and firms retained by the Independent Fiduciary in the performance of services to or for the Plan subject to the following procedures:

    a. On a quarterly basis, the Independent Fiduciary shall provide the Secretary and Defendant Worosilo with a report of all significant actions taken and all funds expended. Any party may file objections with the Court within ten (10) days after the Independent Fiduciary's submission.

    b. Absent any objections, the reasonable expenses and fees incurred by the Independent Fiduciary in the administration of the Plan shall be charged to and paid by the Plan and allocated among the Plan participants.

    c. The Secretary reserves his right to seek repayment from Defendant Worosilo to the Plan of the Independent Fiduciary's compensation, fees and expenses.

DATED: 5/7/18
Newark, New Jersey

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
HON. SUSAN D. WIGENTON